IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| DANA SCHMELLER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREENS PHARMACY SERVICES MIDWEST, LLC, d/b/a WALGREENS, a Foreign Limited Liability Company,<br><br>Defendant. | No.:<br><br>COMPLAINT |

COMES NOW Plaintiff Dana Schmeller, by and through her attorney of record, Libby Welsh of the Dubin Law Group, and for cause of action for personal injuries against Walgreens Pharmacy Services Midwest, LLC ("Walgreens"), a foreign limited liability company licensed and registered to do and doing business in King County, Washington ("Defendant"), complains and hereby alleges as follows:

## I. IDENTIFICATION OF PLAINTIFF

1.1    Plaintiff Dana Schmeller is a resident of Bellevue, King County, State of Washington.

## II. IDENTIFICATION OF DEFENDANTS

2.1    Upon information and belief, after reasonable investigation and upon inspection of public records, it is believed and therefore alleged that at all times relevant and material hereto, including

COMPLAINT - 1

Dubin Law Group
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

as of November 27, 2021, Defendant Walgreens was a foreign limited liability company licensed to do and doing business in King County, Washington under UBI No.: 603 367 499.

2.2 Defendant's registered agent for service of process is Corporation Service Company at 300 Deschutes Way SW, Suite 208, MC-CSC1, Tumwater, Washington 98501.

### III. JURISDICTION AND VENUE

3.1 The facts complained of herein occurred in the County of King, State of Washington, and this Court has jurisdiction over this cause.

3.2 At the time of the November 27, 2021, the incident out of which this claim arises, Defendant was a registered corporation with the State of Washington and licensed to do, and was doing business within King County, Washington at 647 140th Avenue NE, Bellevue, Washington 98005.

3.3 Venue is proper in King County, Washington because the Defendant transacts business in Bellevue, King County, Washington. Venue is proper pursuant to RCW 4.12.025(1)(a).

### IV. RELEVANT FACTS

4.1 All facts set forth in ¶1.1 through ¶3.3 are fully incorporated herein.

4.2 As of November 27, 2021, Defendant Walgreens was the owner, operator, manager, investor, and supervisor of the Walgreens Pharmacy store located at 647 140th Avenue NE, Bellevue, Washington 98005. As such, Defendant Walgreens owed a duty to its invitees upon said premises to provide, inspect, and maintain the premises to be reasonably safe for the use of those invitees, such as Plaintiff Dana Schmeller, legally on the premises.

4.3 On November 27, 2021:

(a) Plaintiff was shopping at Defendant Walgreens, located at 647 140th Avenue NE in Bellevue.

COMPLAINT - 2

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

(b) Plaintiff completed her purchase and was heading toward the exit when she tripped over a gray vacuum cleaner cord that was outstretched over the gray carpeted walkway. The vacuum was neither on nor in use at the time.

(c) When Plaintiff tripped over the cord, she partially landed on the vacuum cleaner, causing serious injury.

(d) There were no signs, cones, or other barriers placed to warn invitees of the dangerous condition.

4.4 As a direct and proximate result of Defendant's failure to maintain the store and keep the premises safe, Plaintiff suffered severe injuries including but not limited to her left leg, left arm, and both knees. She required emergency care and was brought to the emergency room.

## V. NEGLIGENCE AND CAUSATION

5.1 Plaintiff re-alleges the allegations set forth in ¶1.1 – ¶4.4, above, and fully incorporates the same herein.

5.2 <u>Duties of Defendant Walgreens:</u> On November 27, 2021, the Walgreens store located at 647 140th Avenue NE, Bellevue, Washington 98005 was under the ownership, control, supervision, management, care, and maintenance of Defendant Walgreens. The Defendant, by and through its agents, servants, and employees, owed Plaintiff a duty to provide and maintain safe premises for the benefit of its invitees. The Defendant also had a duty to:

(a) Provide safe and adequate maintenance of the premises and grounds;

(b) Provide invitees with warning signs regarding unsafe areas and hidden dangers;

(c) Have a system to provide warnings to invitees by roping off, taping off and/or utilizing safety cones to mark unsafe areas and hidden dangers;

(d) Have a system in place to inspect the premises for unsafe conditions;

(e) Have a policy of inspecting for unsafe areas and hidden dangers once its employees become aware or should have become aware of potential unsafe conditions;

(f) Inspect the premises for unsafe conditions once its employees become aware or should have become aware of potential unsafe conditions;

(g) Eliminate unsafe conditions on its premises once its employees become aware or should have become aware of unsafe conditions.

5.3  Breach. Defendant breached its duties as set forth in paragraphs 4.1 through 5.2.

5.4  Proximate Cause. As a direct and proximate cause of Defendant's breach of its duties as set forth in paragraphs 4.2 through 5.4, Plaintiff has suffered personal injuries.

5.5  The Defendant is negligent in that they failed to provide, inspect, train, and supervise employees, monitor conditions at the Walgreens store, and maintain the premises to be reasonably safe for the use of invitees such as the Plaintiff. Further, there was improper training, supervision, monitoring, and enforcement of established guidelines and performance standards respecting safety and conditions of the store for which Defendant is liable under agency and vicarious liability. Said negligent actions proximately and solely caused injuries to Plaintiff.

## VI. ABSENCE OF AT FAULT ENTITIES

6.1  The Defendant above-named is the only "at fault" or "potentially" at-fault entity (as that term is defined in RCW 4.22.015) for this incident and for the Plaintiff's injuries and damages resulting therefrom.

6.2  Based on the facts herein above, Plaintiff was not comparatively at fault for this incident or for her injuries and damages resulting therefrom and is thus without fault or 0% at fault as that term is defined in RCW 4.22.015. As such, Defendant is 100% at fault and liable for causing this incident as well as for the injuries and damages proximately resulting therefrom.

COMPLAINT - 4

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

## VII. RELIEF SOUGHT

7.1     As a direct and proximate result of the negligence of the Defendant, Plaintiff suffered serious and painful injuries to her person, as well as loss of enjoyment of life. By reason of the foregoing, she sustained general damages in an amount to be proved at trial.

7.2     As a direct and proximate result of the negligence of the Defendant, Plaintiff was required to and did incur reasonable and necessary expenses in connection with the treatment of said personal injuries. By reason of the foregoing, she suffered special damages in an amount to be proved at trial.

7.3     As a direct and proximate result of the negligence of the Defendant, Plaintiff incurred loss of income and/or loss of earning capacity by reason of said personal injuries. By reason of the foregoing, she suffered special damages in an amount to be proved at trial.

7.4     As a direct and proximate result of the negligence of the Defendant, Plaintiff will incur future reasonable and necessary expenses in connection with the treatment of said personal injuries in an amount to be proved at trial.

## VIII. HEALTHCARE INFORMATION

8.1     Pursuant to RCW 5.60.060(4) and the provisions of the Uniform Health Care Information Act, RCW 42.17 and RCW Chapter 70, the Plaintiff waives the physician/patient privilege 90 days from the date this complaint was filed, to the extent necessary to place any and all alleged damages at issue at the time of trial, and as might be required by any act or statute or case law interpreting the same in the State of Washington. In doing so, Plaintiff does not waive her right to seek a protective order or otherwise oppose objectionable medical discovery. Plaintiff's waiver is further conditioned and limited as follows:

   A.     Plaintiff does not waive her constitutional right of privacy;

COMPLAINT - 5

**Dubin Law Group**
P.O. Box 30947
Seattle, Washington 98113
(206) 800-8000 Fax: (206) 973-1783

B.   The Plaintiff does not authorize the Defendant or Defendant's representatives to contact her health care providers without prior notice to counsel, after which they may only be contacted in a manner which complies with the Uniform Health Care Information Act and HIPAA, in proceedings further authorized by the Rules of Civil Procedure subject to any provisions which may be established by the court.

### IX. REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant:

9.1   For general damages already incurred and future general damages, in an amount now unknown, which will be proved at the time of trial;

9.2   For medical and other treatment expenses incurred and for future medical expenses and other treatment expenses and other costs, in an amount now unknown, which will be proved at the time of trial;

9.3   For loss of earnings and/or earning capacity;

9.4   For additional travel expenses;

9.5   For reasonable attorney's fees and costs incurred herein;

9.6   For prejudgment interest; and

9.7   For such other and further relief as this Court may deem just and equitable in this cause.

DATED at Seattle, Washington, this 9th day of July 2024.

DUBIN LAW GROUP

_____
Libby M. Welsh, WSBA #50663
P.O. Box 30947
Seattle, WA 98113
Phone: 206-800-8000
Fax: 206-973-1783
E-Mail: libby@dubinlawoffice.com