UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANA SCHMELLER,<br><br>Plaintiff(s),<br>v.<br><br>WALGREENS PHARMACY SERVICES MIDWEST LLC,<br><br>Defendant(s). | CASE NO. C24-01222-KKE<br><br>ORDER DENYING UNOPPOSED MOTION TO EXTEND DEADLINES |

This matter comes before the Court on Defendant's unopposed motion (Dkt. No. 33) seeking an extension of certain pretrial deadlines. *Id.* at 6. For the following reasons, the Court will deny the motion.

The present motion relates to a prior stipulated motion by the parties (Dkt. No. 27) and the Court's order granting that motion (Dkt. No. 28). On July 14, 2026, the parties jointly moved the Court to continue the trial date, which had been set for November 9, 2026, on the basis that Plaintiff's counsel was "facing unexpected personal complications that [would] prevent her from properly preparing for trial for several months." Dkt. No. 27 at 1–2. The parties requested that the Court "continue the trial date and all case deadlines by approximately four months." *Id.* at 2. The Court granted the parties' motion, vacated "[t]he *unexpired* deadlines in the previous case schedule," and directed the courtroom deputy "to issue an amended case schedule based on a trial date of June 7, 2027." Dkt. No. 28 (emphasis added). At the time the parties filed the motion,

July 14, 2026, several of the pretrial deadlines had already expired, including the deadline for disclosure of expert testimony (September 22, 2025), discovery-related motions (May 13, 2026), discovery (June 12, 2026), and dispositive motions and motions challenging expert witness testimony (July 13, 2026). Dkt. No. 25 at 1–2. Accordingly, the amended case schedule issued pursuant to the Court's order did not amend these deadlines, as they were already expired and, thus, were not vacated by the Court's order. *See* Dkt. No. 29 at 1–2; Dkt. No. 28.

Now, in the present motion, Defendant requests that the Court extend those expired deadlines—Defendant refers to them as "front-end deadlines"—because, Defendant asserts, the fact that they were not previously extended was "clerical error." Dkt. No. 33 at 4–5. But it was not clerical error; all the "front-end deadlines" Defendant now seeks to move had expired before, in some cases long before, the parties filed their motion to continue, and the parties did not specifically request extension of those expired deadlines. *See* Dkt. No. 27. Nonetheless, Plaintiff's counsel's "unexpected personal complications" (Dkt. No 27 at 2), Defendant's recent substitution of counsel (Dkt. Nos. 31, 32; *see* Dkt. No. 33 at 6), and Plaintiff's non-opposition to Defendant's motion may represent a sufficient basis for granting Defendant's request to reset the "front-end deadlines" consistent with the Court's standard case schedule.

However, Defendant also requests that the Court extend by a further one month beyond the standard case schedule each of the "front-end deadlines," including the deadline for dispositive motions. Dkt. No. 33 at 6. The Court's case schedule requires approximately 120 days between the dispositive motions deadline and the trial date. Dkt. No. 11 at 5. Defendant's proposed schedule results in significantly fewer than 120 days between the dispositive motions deadline and the trial date. *See* Dkt. No. 33 at 6.

Accordingly, the Court DENIES Defendant's unopposed motion (Dkt. No. 33) subject to refiling in accordance with the Court's requirement as stated above. Specifically, to the extent

Defendant seeks to maintain the schedule proposed in its motion, the trial date must be reset. The parties shall contact the Courtroom Deputy at KKEcrd@wawd.uscourts.gov to identify a new trial date in accordance with the Court's trial calendar.

Dated this 6th day of November, 2026.

Kymberly K. Evanson
United States District Judge